UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re | § § | Case No. 20-45673-169 |
| Robert Edward Dewey Shoults, Jr. and Kristina Marie Shoults, | § § § § | Chapter 7 |
| Debtors. | § § § § | Re: Doc. Nos. 35, 38, 42, 43, 45, 46 |
| | | FOR PUBLICATION |

## ORDER SUSTAINING OBJECTIONS TO EXEMPTIONS

**I.   BACKGROUND**

    **A.   In re Shoults**

On December 10, 2020 (the "Petition Date"), Robert Edward Dewey Shoults, Jr., ("Mr. Shoults") and Kristina Marie Shoults ("Ms Shoults," together with Mr. Shoults, the "Shoults" or the "Debtors") filed a joint voluntary petition for bankruptcy relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), docketed as case number 20-45673-169 (the "Case") in the United States Bankruptcy Court for the Eastern District of Missouri, Eastern Division (this "Court"). 20-45673, Doc. No. 1.[1] Tracy A. Brown ("Trustee Brown") serves as the panel Chapter 7 trustee in the Case.

After the Petition Date, Mr. Shoults learned of his interest in a potential claim against 3M Corporation related to the allegedly faulty manufacturing of earplugs issued to and used by him during prior military service. 20-45673, Doc. No. 42 at 1. On June 14, 2021, the Shoults filed an Amended Schedule A/B: Property (Official Form 106 A/B) to disclose their interest in that

---

[1] References to "20-45673, Doc. No. __" in this Order are to documents entered upon this Court's docket in the Case. References to "20-45673, D.E. __/__/__" in this Order are to text entries upon this Court's docket in the Case. This Court uses these references to enhance the clarity of the record.

1

unliquidated personal injury claim.  20-45673, Doc. No. 31 at 5, Item 34.  The Shoults also filed an Amended Schedule C:  The Property You Claim as Exempt (Official Form 106C) to claim an exemption in that claim for an unknown amount under Missouri common law and Mo. Rev. Stat. § 513.427 ("§ 513.427").  20-45673, Doc. No. 31 at 8.  That Amended Schedule C described the specific laws allowing that exemption as "Missouri Common Law vis RSMO 513.427 — Settlement proceeds — Unlimited."  Id.  Trustee Brown timely objected to that exemption claim on grounds that § 513.427 merely comprises an opt-out statute that does not create substantive exemptions and that any exemption claim under "Missouri Common Law" without citing a specific case was vague and indefinite.  20-45673, Doc. No. 32 at 2, ¶¶ 4-5.

The Shoults responded to the Trustee's objection by amending their exemptions again.  20-45673, Doc. No. 34.  On August 10, 2021, the Shoults filed another Amended Schedule C to claim an exemption in the unliquidated personal injury claim for an unknown amount.  Id. at 2.  This time, the Amended Schedule C described the specific laws allowing that exemption as: "Missouri Common Law vis RSMO 513.427 — Settlement proceeds — Unlimited Missouri Common Law via RSMO 513.427 (See State, Government Employees Ins. Co. v. Lasky, 454 S.W.2d 942 (Mo. App. 1970); Lading v. Sawtelle, 720 S.W.2d 416 (Mo. App. 1986); Patrick v." (sic).  20-45673, Doc. No. 34 at 2.

Trustee Brown timely filed an Amended Objection to Exemptions.  20-45673, Doc. No. 35.  The Trustee's Amended Objection reiterated that § 513.427 merely comprises an opt-out statute that does not create substantive exemptions and that any exemption claim under "Missouri Common Law" without further explanation stood vague and indefinite.  20-45673, Doc. No. 35 at 2, ¶¶ 4-5.  The Amended Objection also objected to any exemption based upon State Gov't Emps. Ins. Co. v. Lasky, 454 S.W. 2d 642 (Mo. Ct. App. 1970) and Lading v. Sawtelle, 720 S.W. 2d 416

2

(Mo. App. Ct. 1986) on grounds that those cases failed to address exemptions in bankruptcy. Id. at 2, ¶ 6. The Amended Objection argued that the Eighth Circuit Court of Appeals' decision in In re Benn, 491 F.3d 811 (8th Cir. 2007) governs this matter, requiring a determination that § 513.427 fails to provide a basis to exempt unliquidated personal injury claims because no separate Missouri statute does so. Id. at 2-3, ¶ 6.

The Shoults addressed Trustee Brown's Amended Objection in their Response to Trustee's Amended Objection to Exemptions. 20-45673, Doc. No. 38. In their Response, the Shoults asserted that the Supreme Court's 2020 ruling in Rodriguez v. FDIC, 589 U.S. ---, 140 S. Ct. 713 (2020), overruled "the federal common law requirement created by In re Benn." Id. at 1, ¶ 4.

This Court conducted a hearing on these exemption issues on September 28, 2021. 20-45673, D.E. 09/28/2021. Counsel for the Debtors appeared at hearing, as well as counsel for the Trustee and the Trustee herself. Id. After that hearing, and with this Court's leave, see 20-45673, D.E. 09/28/2021, the parties submitted simultaneous briefs on the matter to this Court. 20-45673, Doc. No. 42 (comprising the Shoults' Brief in Opposition to Trustee's Objection to Exemption); 20-45673, Doc. No. 43 (comprising Trustee's Brief in Support of Trustee's Objection to Exemption Claimed under Rev. Mo. Stat § 513.427 (sic)). This Court then took the Case under submission. However, before this Court could issue its ruling in the Case, a separate Chapter 7 bankruptcy case involving the same exemption issues and the same debtor's counsel came before this Court.

The Shoults and the debtor in the other Chapter 7 case timely filed a joint Debtors' Brief Regarding RSMO § 521.020 (sic) to address whether any Missouri statute permits attachment of contingent, unliquidated personal injury claims. 20-45673, Doc. No. 45 at 1-2; see also case number 21-42498, Doc. No. 24 at 1-2 (comprising brief filed in other Chapter 7 case). That brief

3

argued that Mo. Rev. Stat. § 521.010 applied only to "attachable" property and that, even if Missouri law permitted creditors to attach contingent, unliquidated personal injury claims in some circumstances, Mo. Rev. Stat. § 521.010 prevented attachment of those claims in circumstances other than a bankruptcy case. 20-45673, Doc. No. 45 at 2-5; 21-42498, Doc. No. 24 at 2-5.

Trustee Brown, joined by the Chapter 7 Trustee in the other Chapter 7 case, timely filed their Joint Brief Regarding Attachment Statute in response. 20-45673, Doc. No. 46; 21-42498, Doc. No. 29. They argued that Mo. Rev. Stat. § 513.427 limits state law exemptions in bankruptcy cases to property exempt from both attachment and execution under Missouri law and that, in turn, Mo. Rev. Stat. § 521.240 prevents attachment only of property "declared by statute to be exempt from execution", necessitating a statutory provision declaring property exempt in order to prevent execution and, here, bankruptcy administration. 20-45673, Doc. 46 at 2-4; 21-42498, Doc. No. 29 at 2-4. After receiving that Brief, this Court took the matters under submission for consideration and ruling.[2]

## II.    JURISDICTION AND VENUE

This Court has jurisdiction over the parties and the subject matter of the Case under 28 U.S.C. §§ 157 and 1334 and Local Rule 9.01(B)(1) of the United States District Court for the Eastern District of Missouri. Venue rests properly in this District under 28 U.S.C. § 1409(a). This matter comprises a core proceeding under 28 U.S.C. § 157(b)(2)(B).

## III.   APPLICABLE BANKRUPTCY STATUTES

---

[2] The Chapter 7 trustee in the other Chapter 7 case subsequently moved to withdraw the objection to exemptions in that matter and this Court granted that motion. See In re McClenton, No. 21-42498, Doc. No. 35 (Bankr. E.D. Mo. Feb. 24, 2023) & Doc. No. 36 (Bankr. E.D. Mo. March 31, 2023).

4

Commencement of a Chapter 7 case creates a bankruptcy estate that includes all a debtor's legal or equitable interests in property at that time, except as otherwise provided by the Bankruptcy Code.  See 11 U.S.C. § 541(a)(1); Benn v. Cole (In re Benn), 491 F.3d 811, 813 (8th Cir. 2007).  However, section 522 of the Bankruptcy Code ("§ 522") permits debtors to exempt certain property from their bankruptcy estate to ensure a "fresh start."  See 11 U.S.C. § 522; Benn, 491 F.3d at 813.

Some states allow debtors in bankruptcy to elect between claiming exemptions under federal law listed in § 522(d) and claiming exemptions under state law and federal law other than § 522(d).  See 11 U.S.C. § 522(b); Waltrip v. Sawyers (In re Sawyers), 2 F.4th 1133, 1138 (8th Cir. 2021) (citing Benn, 491 F.3d at 813).  Other states, including Missouri, limit debtors to exemptions under applicable state law and federal law other than § 522(d).  See 11 U.S.C. § 522(b).

Missouri opted out of the federal exemption scheme by adopting § 513.427.  See MO. REV. STAT. § 513.427; Sawyers, 2 F.4th at 1137; Benn, 491 F.3d at 813.  Section 513.427 states, in relevant part, that Missouri debtors in bankruptcy only may exempt from their bankruptcy estates "any property that is exempt from attachment and execution under the law of the state of Missouri or under federal law, other than . . . Section 522(d)" of the Bankruptcy Code.  See MO. REV. STAT. § 513.427.

**IV.    ANALYSIS**

    **A.    Benn and Abdul-Rahim Control This Matter**

The Shoults raise multiple arguments previously rejected by the Eighth Circuit Court of Appeals in Benn and Abdul-Rahim v. LaBarge (In re Abdul-Rahim), 720 F.3d 710 (8th Cir. 2013).  First, the Debtors argue that § 513.427 does not merely comprise an opt out from the federal exemption scheme of section 522(d) of the Bankruptcy Code, but instead provides an exemption

5

for Missouri debtors in any property exempt from attachment and execution under Missouri law. 20-45673, Doc. No. 42 at 4-10. The Debtors assert that Missouri common law exempts unliquidated, contingent causes of action from attachment and execution in state proceedings, thus permitting Missouri debtors to exempt those causes of action in bankruptcy under § 513.427. Id.

Second, the Shoults argue that Benn and Abdul-Rahim created federal common law in contradiction of the Supreme Court's holdings in Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938) and Butner v. United States, 440 U.S. 48 (1979), which the Debtors view as having ceded exemption law to the states. 20-45673, Doc. No. 42 at 3-12. The Debtors chiefly rely on Russell v. Healthmont of Missouri, LLC, 348 S.W.3d 784 (Mo. Ct. App. 2011) and In re Mitchell, 73 B.R. 93 (Bankr. E.D. Mo. 1987) to support that argument. 20-45673, Doc. No. 42 at 4-6, 9. The Trustee disagrees with both arguments, relying on the established holdings of Benn and Abdul-Rahim. 20-45673, Doc. No. 43 at 5-6.

Benn's specific facts dealt with Missouri debtors attempting to exempt accrued but unpaid tax refunds in bankruptcy under § 513.427. Benn, 491 F.3d at 812-13. The debtors sought to exempt state and federal tax refunds from a bankruptcy estate, arguing that Missouri common law prevented attachment or exemption of those refunds if the debtors had not received them. Id. at 812-13, 814. The Eighth Circuit Court of Appeals rejected those arguments, stating

> "Exemption" is a term of art in bankruptcy, and . . . in the context of 11 U.S.C. § 522, it refers to laws enacted by the legislative branch which explicitly identify property that judgment-debtors can keep away from creditors for reasons of public policy. On this understanding of the term "exempt," section 513.427 opts out of the federal exemptions listed in 11 U.S.C. § 522(d), but announces no new exemptions under Missouri law. The statute simply provides that where another Missouri statute specifies that certain property is exempt from attachment and execution, then a debtor may exempt that property from the bankruptcy estate.

Benn, 491 F.3d at 814 (citing Benn v. Cole (In re Benn), 340 B.R. 905, 914 (B.A.P. 8th Cir. 2006) (Kressel, J., dissenting)) (internal quotation and alteration marks omitted). The Eighth Circuit

6

Court of Appeals illustrated its holding by citing multiple Missouri statutes that specifically exempt property from attachment and execution and comprise exemptions in bankruptcy, including Mo. Rev. Stat. § 513.430, which lists various specific categories and amounts of exempt property, § 513.440, which defines the so-called "head of household" exemption, and § 513.475, which states the Missouri homestead exemption. Id. at 813-14.

However, no Missouri statute provides an exemption for unliquidated, contingent causes of action, and courts consequently expanded Benn to cover those causes of actions. See In re Mahony, 374 B.R. 717, 718 (Bankr. W.D. Mo. 2007); Dylewski v. Amco Ins. Co., No. 4:10-CV-00289-JCH, 2010 WL 1727870, *2-3 (E.D. Mo. April 29, 2010); In re Abdul-Rahim, 472 B.R. 904, 906 (Bankr. E.D. Mo. 2012); Abdul-Rahim v. LaBarge (In re Abdul-Rahim), 477 B.R. 747, 748 (B.A.P. 8th Cir. 2012); cf. In re Parsons, 437 B.R. 854, 856 (Bankr. E.D. Mo. 2010) (extending Benn to the garnishment context because "the Missouri Garnishment Statute does not *explicitly identify property that a judgment-debtor can keep away from creditors.*") (italics in original).

This line of cases culminates in the Eighth Circuit Court of Appeals' ruling in Abdul-Rahim v. LaBarge (In re Abdul-Rahim), 720 F.3d 710 (8th Cir. 2013). On facts almost identical to those at hand, and with a debtor represented by the same counsel as the Debtors' counsel here, the Eighth Circuit Court of Appeals affirmed and expanded Benn to hold that no Missouri statute permits exemption of unliquidated, contingent personal injury causes of action. Abdul-Rahim, 720 F.3d at 714. In addition, the court in Abdul-Rahim succinctly disposed of the same arguments regarding Erie and Butner as the Debtors make here. See id. at 714, 714 n.4.

In that precedent, the Eighth Circuit Court of Appeals specifically stated that Benn overruled Mitchell in the federal context, rejecting the Debtors' Erie argument. Id. That court also found Butner inapplicable because its holding contained a qualification that federal interests

7

could require different results than those reached in comparable state contexts and that "the federal interests in balancing and promoting the multiple purposes of the Bankruptcy Code provide sufficient justification for why a bankruptcy trustee might have more remedies available to it than another Missouri creditor." Id. at 714.

Abdul-Rahim also noted the Missouri legislature's disinterest in addressing these issues by adding any exemptions for contingent, unliquidated causes of action to Missouri's statutory exemption laws. Id. at 714. Almost ten years after Abdul-Rahim issued, Missouri legislation remains unchanged on this issue. Even though the legislative record shows no fewer than six amendments to Mo. Rev. Stat. § 513.430, the state's primary exemption statute, since 2013, see H.B. 374 & 434, 97th Gen. Assemb., 1st Reg. Sess. (Mo. 2013); H.B. 1299, 97th Gen. Assemb., 2d. Reg. Sess. (Mo. 2014); S.B. 164, 98th Gen. Assemb., 1st Reg. Sess. (Mo. 2015); H.B. 1765, S.B. 578, 98th Gen. Assemb., 1st Reg. Sess. (Mo. 2016); H.B. 397, 100th Gen. Assemb., 1st Reg. Sess. (Mo. 2019); S.B. 718, 101st Gen. Assemb., 2d Reg. Sess. (Mo. 2022), the Missouri statutes still lack any specific exemption for contingent, unliquidated causes of action. Thus, given the established state of the Missouri statutes and the federal case law interpreting them, this Court must reject the Debtors' first two arguments.

### B. Missouri Law Permits Attachment of Unliquidated, Contingent Causes of Action

Regardless of the above discussion, the Debtors' arguments fail to address Missouri statutory law and Missouri rules of civil procedure providing rights to attach and execute on a broad range of property, including unliquidated, contingent causes of action. By its plain language, § 513.427 only permits exemption of property out of reach from all creditors through both attachment and execution. See Mo. Rev. Stat. § 513.427 (permitting exemption in bankruptcy of "any property that is exempt from attachment and execution under the law of the state of

Missouri"); In re Robinson, 152 B.R. 956, 959 (Bankr. E.D. Mo. 1993) (finding tax refund not exempt because "even though most creditors may not attach or execute upon a tax refund in the possession of the IRS, certain creditors may reach the refund, thus making the refund property which *is* subject to attachment and execution") (italics in original). As a result, if any creditor can attach property, then a debtor cannot exempt that property from a bankruptcy estate. Robinson, 152 B.R. at 959.

Missouri statutory law allows attachment of unliquidated, contingent causes of action. Mo. Rev. Stat. § 521.020 states that "[a]n attachment may issue on a demand not yet due in any of the cases mentioned in section 521.010 [of the Missouri Revised Statutes], except subdivisions (1), (2), (3), and (4), but no judgment shall be rendered against the defendant until the maturity of the demand." MO. REV. STAT. § 521.020. As further support for and examples of Missouri statutes permitting attachment on unliquidated, contingent causes of action, the Trustee points to Mo. Rev. Stat. § 430.230, providing liens to hospitals on "any cause [of action]" belonging to debtor-patients, and to Mo. Rev. Stat. § 454.518, providing for attachment of child support liens on claims for negligence or personal injury. MO. REV. STAT. §§ 430.230, 454.518; 20-45673, Doc. No. 46 at 4.

Likewise, Missouri's rules of civil procedure specifically discuss and set out the procedure for a party to use to attach an unliquidated, contingent cause of action. Those rules specify that a creditor may obtain attachment, levy, and garnishment "all goods, personal property, money, credits, bonds, bills, notes, checks, choses in action, or other effects of debtor and all debts owed to debtor." MO. R. CIV. P. 90.01 ; see also MO. R. CIV. P. 76.06 (permitting levy on all property subject to garnishment under MO. R. CIV. P. 90.01); MO. R. CIV. P. 85.21 (permitting attachment on property in the same fashion as permitted by levy under MO. R. CIV. P. 76.06). "Choses in

9

action" include the right to bring an action to recover money or debt and include "claims for damages arising in tort." Sauvain v. Acceptance Indem. Ins. Co., 500 S.W.3d 893, 900 (Mo. Ct. App. 2016). Therefore, the term "choses in action", as referenced in the Missouri Rules of Civil Procedure, includes potential causes of action sounding in tort like the Debtors' unliquidated, contingent causes of action. Id.

The Debtors argue that Mo. Rev. Stat. § 521.020 fails to apply to the facts at hand because their matter does not involve the circumstances or causes of action enumerated in that statute. 20-45673, Doc. No. 45 at 3-5. This argument misses the mark. The question is not the narrow inquiry whether state law permits a creditor to attach the Debtors' particular causes of action, but rather one of attachability generally: whether Missouri statutory law exempts unliquidated, contingent causes of action from attachment, *tout court*. The citations above demonstrate that it does not. Accordingly, the Debtors' contention that Missouri law exempts unliquidated, contingent causes of action from attachment holds no water.

    C.  **Rodriguez v. FDIC Did Not Overrule or Abrogate Benn and Abdul-Rahim**

The Eighth Circuit Court of Appeals ended Abdul-Rahim with the admonishment "that unless Benn is overruled en banc or by the Supreme Court, it remains binding precedent, and is directly applicable to the issues in this case." Abdul-Rahim, 720 F.3d at 714. The Eighth Circuit Court of Appeals has not overruled Benn or Abdul-Rahim, but the Debtors seek to overcome the weight of precedent by arguing that the Supreme Court's ruling in Rodriguez v. F.D.I.C., 589 U.S. ----, 140 S. Ct. 713 (2020) (Gorsuch, J.) implicitly overruled those decisions. 20-45673, Doc. No. 42 at 3. This argument comprises a different approach to the Shoults' Erie and Butner arguments the Eighth Circuit Court of Appeals previously rejected, but fails just as the prior arguments did.

10

Properly construed, and in accord with this Court's prior rulings addressing Erie and Butner, Rodriguez has no application to the facts at hand and fails to change the results in this situation.

Rodriguez concerned the propriety of the Bob Richards Rule, a "federal common law rule" derived from Western Dealer Management, Inc. v. England (In re Bob Richards Chrysler-Plymouth Corp., Inc.), 473 F.2d 262 (9th Cir. 1973), that "provide[s] that, in the absence of a [tax allocation agreement amongst an affiliated group of corporations], a refund belongs to the group member responsible for the losses that led to it," although some courts applied the rule generally rather than simply as a "stopgap" measure. Rodriguez, 140 S. Ct. at 716-17. In Rodriguez, the Supreme Court, similar to Butner, reiterated that federal courts only should engage in federal common lawmaking when "necessary to protect uniquely federal interests". Id. at 718. Rodriguez overruled the Bob Richards Rule, and instructed courts to look to state law to determine "disputes involving corporate property rights." Id. at 717-18.

The Debtors now assert that Rodriguez requires this Court to find that the Eighth Circuit Court of Appeals partook in impermissible common lawmaking in Benn and Abdul-Rahim. 20-45673, Doc. No. 42 at 7. However, Rodriguez fails to square with the issue at hand: Rodriguez involved federal common lawmaking, comprising a process of judicial, rather than legislative, lawmaking in the absence of applicable state law. Rodriguez, 140 S. Ct at 717. The case at bar involves interpretation and review of actual Missouri state statutes. Moreover, Rodriguez never mentions issues similar to the opt-out state exemption language involved in Benn and Abdul-Rahim, much less the rulings in those cases.

This Court has found no case law applying Rodriguez to the facts at hand in the way the Debtors propose, although case law interpreting Rodriguez lies in its nascent state. The few cases that touch on Rodriguez consistently recognize that statutory interpretation, such as that enunciated

11

in Benn and Abdul-Rahim, differs drastically from the creation of federal common law.  See, e.g., West v. Louisville Gas & Elec. Co., 951 F.3d 827, 832 (7th Cir. 2020) (rejecting argument that terms contained in an easement received special meaning under federal common law before determining the terms' meaning under state law); In re LSC Commc'ns, Inc., 631 B.R. 818, 825 (S.D.N.Y. 2021) (explaining that courts should interpret existing case and statutory law rather than creating new common law definitions); see also generally Mayor & City Council of Baltimore v. BP P.L.C., 31 F.4th 178, 220-25 (4th Cir. 2022) (rejecting a request for a new common law cause of action before evaluating plaintiff's claims under existing statutes); In re Fam. Pharmacy, Inc., 614 B.R. 58, 66 (B.A.P. 8th Cir. 2020) (rejecting judicially created interest rate where state statute provided the applicable rate); In re Kenneth C. Casey, Inc., No. AP 21-1070 TBM, 2022 WL 2198882, at *10 (Bankr. D. Colo. June 17, 2022) (rejecting proposed common law cause of action and observing that existing state and federal statutes governed the issue).

Moreover, even the little extant case law analyzing Rodriguez analogous to this case clearly distinguishes between common lawmaking, like the Bob Richards Rule, and actual statutory interpretation.  See In re Quadruple D Trust, 639 B.R. 204, 214-19 (Bankr. D. Colo. 2022). Quadruple Trust concerned whether a Colorado spendthrift trust constituted a "business trust" under the Bankruptcy Code for bankruptcy eligibility purposes.  Id. at 206-07.  In discussing Rodriguez, the Quadruple Trust court correctly defined federal common law as "a rule of decision that amounts, *not simply to an interpretation of a federal statute* or a promulgated administrative rule, but, rather, to the judicial 'creation' of a special federal rule of decision." Id. at 217 (emphasis in original) (citing Atherton v. F.D.I.C., 519 U.S. 213, 218 (1997); Rodriguez, 140 S. Ct. at 717). In contrast, statutory interpretation only involves courts construing legislatively enacted law.  See id. at 217-18 (collecting cases distinguishing between common and legislative lawmaking).  The

12

Quadruple Trust court ultimately ruled that its task to determine the meaning of "business trust" as used in § 101(9) of the Bankruptcy Code constituted an exercise in statutory interpretation, "an exercise in which bankruptcy judges engage every day," and not an exercise in federal common lawmaking.  Id. at 214-19.

As with the term "business trust" examined in Quadruple Trust, the Bankruptcy Code uses the terms "exempt" and "exemption" without defining them; § 513.427 incorporates those terms by their actual usage.  Just as in Quadruple Trust, and in contrast to Bob Richards, the Eighth Circuit Court of Appeals' rulings in Benn and Abdul-Rahim reflect the statutory interpretation of "exempt" and "exemption" as used in the Bankruptcy Code and plainly repeated in § 513.427. These Eighth Circuit Court of Appeals precedents never crafted a federal rule of decision in contravention of Erie, Butner, or Rodriguez.  They simply interpret applicable statutes. Accordingly, the Shoults' reliance upon Rodriguez holds no weight here and does not affect the outcome dictated here by controlling precedent.

## V.  CONCLUSION

After consideration and analysis of the facts, the contentions of the parties, and applicable law as discussed above, this Court hereby

**ORDERS** that the Trustee's Amended Objection to Exemptions [20-45673, Doc. No. 35] is **SUSTAINED** and the Shoults' Response to Trustee's Amended Objection to Exemptions [20-45673, Doc. No. 38] is **OVERRULED**.

DATED: March 31, 2023  
St. Louis, Missouri  
ska

BONNIE L. CLAIR  
United States Bankruptcy Judge

13

Copies to:

Robert Edward Dewey Shoults Jr.
60 Country Hill Rd
Saint Peters, MO 63376-1552

Kristina Marie Shoults
60 Country Hill Rd
Saint Peters, MO 63376-1552

Andrew R Magdy
1034 S. Brentwood Blvd.
Ste. 1555
St. Louis, MO 63117-1227

Michael Dominic Toscano
10880 Baur Blvd.
St. Louis, MO 63132

Tracy A. Brown
Trustee
1034 South Brentwood Blvd.
Ste. 725
St. Louis, MO 63117